OPINION
Appellant, Tonya Battaglia, prematurely gave birth to Jimmie Lynn Battaglia ("Jimmie Lynn"), on March 26, 2000. Jimmie Lynn was born after appellant was pregnant for thirty-three weeks. At the hospital, appellant tested positive for cocaine use, but Jimmie Lynn did not. On March 28, 2000, appellee, the Portage County Division of Job and Human Services ("PCDJFS") took the child into protective custody and, the following day, filed a motion for temporary and permanent custody in the Portage County Court of Common Pleas.
On April 6, 2000, Mary Templeton ("Templeton"), appellant's mother, filed a motion to intervene, which was sustained. On April 7, 2000, she filed a motion for visitation, which was overruled. On April 10, 1997, she filed a motion for permanent custody. On April 25, 2000, the PCDJFS submitted a case plan with the trial court, which had as its goal to work towards the adoption of the child. On June 9, 2000, a magistrate ruled that Jimmie Lynn was a dependent child because of appellant's chemical dependency. The magistrate's ruling was adopted by the trial court on the same day. The trial court held a dispositional hearing on June 22, 2000.
At the hearing, Jimmie Lynn's purported father, Raymond White ("White"), relinquished his rights to custody. It is unclear whether or not he is the child's natural father. It was revealed that, on March 29, 1999, the PCDJFS had been granted permanent custody of Shelby Lynn Battaglia, another of appellant's children, who had tested positive for cocaine at birth. The trial court determined that appellant was addicted to crack cocaine and had failed to complete her case plan in order to reunify with Shelby Lynn, who was subsequently adopted by her paternal aunt. Appellant had a third child who was in the custody of that child's father.
Appellant testified that she "guessed" she was addicted to cocaine, but that she was trying to remain clean on her own. She had used cocaine during her pregnancy, but claimed that she had not used it for at least a month before the hearing. She testified that she failed to complete drug treatment during the last custody proceeding because another of the patients at the treatment facility attacked her.
Jan Jacobs ("Jacobs"), a social worker for PCDJFS, testified that she did not believe that appellant could provide a stable environment for Jimmie Lynn because of her drug problem. She also testified that she had visited Templeton's home to conduct a home study for the purpose of determining whether her home would be a legally safe location for Jimmie Lynn. Jacobs opined that Templeton's home was not a safe location for the child.
On June 30, 2000, the trial court granted permanent custody to the PCDJFS. In so ruling, the court reasoned that:
 "Tonya Battaglia suffers from a chronic chemical dependency that is so severe that it makes her unable to provide an adequate permanent home for her daughter at the present time and said condition cannot be remedied within one (1) year of the date of this hearing."
 Appellant appealed the order terminating her parental rights and granting permanent custody of Jimmie Lynn to PCDJFS. On November 20, 2000, appellee filed a motion for limited remand because White, who voluntarily surrendered his parental rights to Jimmie Lynn, was not the person listed as her father on her birth certificate, and the person listed was not given notice of the custody proceedings. We remanded the matter to the trial court with instructions to determine the identity of Jimmie Lynn's father. The trial court filed a judgment entry (captioned journal entry), on June 30, 2001, finding that both the person listed on the birth certificate and a third man were excluded as possible biological fathers of Jimmie Lynn. The matter is now back before this court for consideration of appellant's appeal.
Appellant presents three assignments of error on appeal:
 "[1.] The trial court committed error when it granted the Portage County Department of Job and Family Services [sic] motion for permanent custody and terminated the parental rights of the appellant because the decision is against the manifest weight of the evidence.
 "[2.] The trial court committed error when it denied the maternal grandmother's request for visitation, motion for legal custody and granted the Portage County Department of Job and Family Services [sic] motion for permanent custody, because the granting of permanent custody was not in the child's best interest as there was a suitable relative available to care for the child.
 "[3.] The trial court committed error when it applied R.C. 2151.414(E)(11) in order to grant permanent custody of the child to the Portage County Department of Job and Family Services."
In her first assignment of error, appellant asserts that the trial court's conclusion that Jimmie Lynn could not be placed with either parent within a reasonable time was not supported by clear and convincing evidence. Appellant asserts that the trial court erred by finding that Jimmie Lynn could not be placed with either parent within a reasonable time because no case plan existed to help her, that she had initiated a program to overcome her cocaine addiction by going to AA meetings, and there was no evidence that she could not succeed within one year.
Under R.C. 2151.353(A)(4), if a child is found to be an abused, neglected, or dependent child, the court may commit the child to the permanent custody of a public children services agency or private child placement agency, if the court determines that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines that the permanent commitment is in the best interest of the child.
The standard for determining that the child cannot be placed with the parent within a reasonable time is found in R.C. 2151.414(E). Under this section, the court must consider all relevant evidence, and must find by clear and convincing evidence that one or more of the enumerated factors exists as to each of the child's parents.
The court relied on two of the eleven factors in making its determination that Jimmie Lynn could not be placed with appellant. These two factors are:
 "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353
of the Revised Code; and
 "(11) The parent has had parental rights involuntarily terminated pursuant to section 2151.353, 2151.414, or 2151.415 of the Revised Code with respect to a sibling of the child."
An appellate court will not reverse a judgment as being against the weight of the evidence unless the judgment is unsupported by some competent credible evidence going to all the elements of the case. C.E.Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus. "Clear and convincing evidence" requires that the proof "* * * produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
Once the court has found that the evidence has met the clear and convincing standard, the appellate court must determine whether the trier of fact had sufficient evidence before it to satisfy this burden of proof. In Re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368,481 N.E.2d 613. The court's determination should not be overturned unless it is unsupported by clear and convincing evidence. Id.
We find that the court's determination that appellant was subject to a severe chemical dependency which made her unable to care for Jimmie Lynn, and which could not be remedied within one year of the hearing, was supported by clear and convincing evidence.
Appellant admitted in the hearing that she had been addicted to cocaine for five years. At the birth of another of appellant's children, both appellant and the child tested positive for cocaine. PCDJFS was granted permanent custody of that child. At the birth of Jimmie Lynn, appellant tested positive for cocaine. Appellant admitted that she used cocaine both before and after the birth of Jimmie Lynn. Appellant had been enrolled in two treatment programs for her cocaine addiction and failed to complete either program. She claimed that she was controlling her use of cocaine on her own, without treatment. Appellant claimed that she attended Alcoholics' Anonymous ("AA") meetings to help her overcome her addiction, but she admitted that she had no proof that she attended meetings, she had no sponsor, and that she never read any of the twelve-step material used by AA.
In her brief, appellant argues that appellee's witness was not an expert, and thus could not testify as to what constitutes a "chemical dependency." However, expert testimony is not always required to establish the existence of a "chemical dependency." In re Holly (Oct. 25, 1991), Portage App. No. 90-P-2229, unreported. In addition to appellant's own admissions of drug use, appellee brought evidence through the testimony of Jacobs, a social worker employed by PCDJFS, that appellant has a chronic and ongoing drug problem which she has done nothing to resolve.
There is, in the record, clear and convincing evidence to support the trial court's determination. Appellant's first assignment of error is without merit.
In her third assignment of error, appellant asserts that the trial court erred by relying on R.C. 2151.414(E)(11) to terminate her parental rights, because Jimmie Lynn was not a sibling of Shelby Lynn Battaglia. A court need only find that one of the factors, enumerated in R.C.2151.414(E), has been proved by clear and convincing evidence in order to award permanent custody to the agency. R.C. 2151.414(E). Based upon our discussion of appellant's first assignment of error, appellant's third assignment of error is without merit.
In her second assignment, appellant argues that her Mother, Mrs. Templeton, should have been allowed visitation of Jimmie Lynn. Appellant further alleges that R.C. 2151.414(D) requires that, for the best interests of the child, the child's relatives must be allowed to form a relationship with the child. This argument rests on a misinterpretation of R.C. 2151.414(D).
R.C. 2151.414(D) is not a list of actions that the juvenile court must take in order to ensure the best interests of the child are met. R.C.2151.414(D) is a list of factors, which the court must consider, when determining whether the grant of permanent custody is in the best interests of the child. R.C. 2151.414(D) does not require the court to allow visitation of a child, by a grandparent.
The court specifically found that it was not in the child's best interest to grant Templeton's request for visitation or custody. There was ample competent, credible evidence to support this finding by the court.
This evidence includes testimony that Templeton's sixteen-year-old son was committed to the Ohio Department of Youth Services for substance abuse and assault, and that there was a possibility that he would return to her home. Templeton testified that she was anxious to see her son come home, and that he would require a fair amount of her attention. She also testified that she was working two full-time jobs, at the time of the hearing. In addition, Jacobs, the PCDJFS social worker, testified that appellant frequently visits Templeton's home, and had visited the morning she performed her study of Templeton's home.
Thus, there is sufficient competent, credible evidence to support the court's finding that granting Templeton visitation or custody is not in the best interests of Jimmie Lynn. Appellant's second assignment of error is without merit.
For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, Juvenile Division, is affirmed.
 ________________________ JUDGE ROBERT A. NADER
FORD, P.J., CHRISTLEY, J., concur.